IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAMARIUS ORNELAS-CASTRO, | § § | |
| Movant, | § § | |
| V. | § § | No. 3:20-cv-2165-K |
| | § | No. 3:07-cr-197-K (04) |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Movant Damarius Ornelas-Castro filed this motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The issues have been fully briefed, and the matter is now ripe for ruling. For the following reasons, the Court GRANTS Ornelas-Castro's motion.

I.

Ornelas-Castro was charged in a six-count indictment on June 5, 2007. (CR doc. 43.) On July 17, 2007, she pleaded guilty to counts one, two, four and five of the indictment. In count one, she was charged with conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c). Count two charged her with kidnapping and aiding and abetting in violation of 18 U.S.C. §§ 1201(a) and 2. In count four, she was charged with use of interstate communication facilities to demand ransom and aiding and abetting in violation of 18 U.S.C. §§ 875 and 2. Finally, count five charged her with using, carrying, and brandishing a firearm during or in relation to a crime of

violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c) and 2.  (CR doc. 123.)

On November 7, 2007, Ornelas-Castro was sentenced to a total term of 320 months' imprisonment.  This term consisted of 200 months on each of counts one, two, and four, to run concurrently, and 120 months on count five, to run consecutively to the terms imposed on each of counts one, two, and four, for a total term of 320 months' imprisonment.  (CR doc. 123 at 2.)

Ornelas-Castro filed a direct appeal in the Fifth Circuit Court of Appeals.  On October 20, 2009, her appeal was dismissed as frivolous.  (CR docs. 159, 160.)

Ornelas-Castro then filed a motion pursuant to 28 U.S.C. § 2255, which was received in this Court on August 21, 2015.  (CR doc. 181; Case Number 3:15-cv-2737-K.)  On September 10, 2015, her § 2255 motion was summarily dismissed as "wholly frivolous" and untimely, and a certificate of appealability was denied.

On June 7, 2016, a second § 2255 motion was received from Ornelas-Castro.  (CR doc. 187; Case Number 3:16-cv-1553-K).  On August 12, 2016, the motion was determined to be successive and transferred to the Fifth Circuit Court of Appeals.  On November 23, 2016, the Fifth Circuit denied her request to file a successive § 2255 motion.

On August 12, 2020, the Fifth Circuit granted Ornelas-Castro's motion for authorization to file a successive § 2255 motion.  (CR doc. 200.)  The same day, she filed the instant § 2255 motion in this Court.  (CR doc. 201; Case Number 3:20-cv-

2165.)

In the instant § 2255 motion, Ornelas-Castro challenges her § 924(c) conviction under the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019). In Davis, the Supreme Court found the residual clause of the "crime of violence" definition contained in 18 U.S.C. § 924(c)(3)(B), which was used in this case, unconstitutionally void for vagueness. The holding in Davis applies retroactively to cases on collateral review. United States v. Reece, 938 F.3d 630, 634-35 (5th Cir. 2019).

In its response, the Government concedes that Ornelas-Castro's § 924(c) conviction is "problematic," conceding:

After Davis, Ornelas-Castro's Count Five Section 924(c) conviction—which is predicated on kidnapping—is problematic because that crime does not satisfy Section 924(c)'s force clause, Section 924(c)(3)(A), and Section 924(c)'s residual clause can no longer support it. See United States v. Reece, 938 F.3d 630, 635 (5th Cir. 2019) (holding that Davis "announced a new rule of constitutional law retroactively applicable on a first habeas petition"); United States v. Carreon, 803 F. App'x 790, 791 (5th Cir. 2020) (accepting the government's concession that, applying the categorical approach, kidnapping does not satisfy the force clause).

(CV doc. 8 at 12.) Despite this concession, the Government argues that this Court should deny Ornelas-Castro's successive § 2255 motion for two reasons: (1) her sole claim is barred by the waiver provision in her plea agreement; and (2) her sole

claim has been procedurally defaulted.   (CV doc. 8 at 6.)

II.

1.   <u>Ornelas-Castro's post-conviction waiver is not enforceable under the miscarriage of justice exception.</u>

A collateral review waiver is generally enforced where the waiver "was knowing and voluntary, and if the waiver applies to the circumstances at hand."   United States v. Walters, 732 F.3d 489, 491 (5th Cir. 2013) (citing United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005)).   The Fifth Circuit has recognized exceptions to this general enforcement rule where a movant raises a claim of ineffective assistance of counsel and where a sentence exceeds the statutory maximum.   United States v. Barnes, 953 F.3d 383, 389 (5th Cir. 2020).

Although the Fifth Circuit has declined to explicitly adopt or reject a miscarriage of justice exception to enforcement of a post-conviction waiver, id. (citing United States v. Ford, 688 F. App'x 309, 309 (5th Cir. 2017) (per curiam)), the Court finds a miscarriage of justice exception is appropriate in this case.   As the Supreme Court has recognized, a conviction and punishment for an act that the law does not criminalize, "inherently results in a complete miscarriage of justice" and "presents exceptional circumstances that justify collateral relief under § 2255." Davis v. United States, 417 U.S. 333, 346-47 (1974).   The Fifth Circuit has also declined to enforce an appellate waiver where, "as a matter of law, the indictment itself affirmatively reflects that the offense sought to be charged was not committed."   United States v. White, 258 F.3d

374, 380 (5th Cir. 2001).  The Court stated, "[t]he government cites no authority, and we are aware of none, that holds that a defendant can waive his substantive right 'to be free of prosecution under an indictment that fails to charge an offense.'" Id. (quoting United States v. Meacham, 626 F.2d 503, 509-10 (5th Cir.1980)).

In this case, count five of the indictment charged Ornelas-Castro with using, carrying, brandishing, and possessing a firearm during or in relation to a crime of violence "that is the offense listed in Count Two of this indictment." (CR doc. 43 at 8.)  Kidnapping is charged in count two of the indictment.  (CR doc. 43 at 5.)  The indictment therefore failed to charge an offense under § 924(c).  Moreover, other jurisdictions have also found that a post-conviction waiver does not foreclose a defendant's challenge to his § 924(c) conviction under Davis.  See Bonilla v. United States, 2020 WL 489573, at *3 (E.D.N.Y Jan. 29, 2020) (granting a § 2255 motion and vacating a § 924(c) conviction based on Davis despite the presence of a post-conviction waiver); United States v. Brown , 415 F. Supp.3d 901, 906-07 (N.D. Cal. Nov. 8, 2019) (granting § 2255 motion challenging § 924(c) conviction based on Davis and concluding that petitioner's collateral-review waiver could not be enforced).

Ornelas-Castro was convicted under an indictment that did not charge a valid offense with respect to count five, and she is actually innocent of the offense charged in count five.  Accordingly, under these circumstances, the miscarriage of justice exception applies, and Ornelas-Castro's collateral-review waiver is not enforceable.

2.    Ornelas-Castro's procedural default is excused.

It is well settled that a collateral challenge may not take the place of a direct appeal. United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." Id. at 232.

In this case, Ornelas-Castro is raising her Davis claim for the first time on collateral review, but her procedural default is excused because she has demonstrated cause and actual prejudice.  With respect to cause, her Davis claim "is so novel that its legal basis [was] not reasonably available to counsel" and it therefore may constitute cause to excuse procedural default.  Bousley v. United States, 523 U.S. 614, 622 (1998) (quoting Reed v. Ross, 468 U.S. 1, 16 (1984)).  The proper determination is whether the claim is "novel" for purposes of establishing cause for procedural default, and the inquiry is "not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." Smith v. Murray, 477 U.S. 527, 537 (1986).  The Government argues that Ornelas-Castro had the necessary "tools to construct" a constitutional vagueness challenge to § 924(c)(3)(B) prior to the Supreme Court's holding in Davis on June 24, 2019.  (CV doc. 8 at 17.)  In support of this argument, the Government points to a few cases across the country.  (CV doc. 8 at 17 n.8.)  The Court, however, is not persuaded by

this argument and finds that a vagueness challenge to § 924(c)(3)(B) was indeed "novel" when she filed her direct appeal. See Dugger v. Adams, 489 U.S. 401, 409-10 (1989) (noting that a claim is not novel where "the legal basis for a challenge was plainly available"); see also Frizzell v. Hopkins, 87 F.3d 1019, 1021 (8th Cir. 1996) ("If the tools were available for a petitioner to construct the legal argument at the time of the state appeals process, then the claim cannot be said to be so novel as to constitute cause for failing to raise it earlier.") (citation and internal quotation marks omitted). As for prejudice, Ornelas-Castro has shown that but for the unconstitutionally vague definition of crime of violence under the residual clause of § 924(c)(3)(B), she would not have been convicted and sentenced on count five. She has therefore established prejudice.

In sum, Ornelas-Castro's procedural default is excused by cause and prejudice on the basis that her Davis claim was not reasonably available to her when she filed her direct appeal in November 2007. (ECF No. 124.) See United States v. Branch, 2020 WL 6498968, at *2-*3 (N.D. Cal. Nov. 3, 2020) (finding that the procedural default of the void-for-vagueness claim was excused by cause and prejudice); Ellis v. United States, 2020 WL 6382926, at *3 (E.D. Wis. Oct. 30, 2020) (finding that the procedural default should be excused because Davis was decided after the petitioner was sentenced, and the decision came down after petitioner's deadline to file his direct appeal); Jacques v. United States, 2020 WL 5981655, at *4 n.2 (E.D.N.Y. Oct. 8, 2020) ("The Court finds that there was no procedural default in failing to raise a

[Davis]-type argument before [Davis] was decided.").

      3.    <u>Ornelas-Castro is entitled to relief on her § 924(c) conviction</u>.

The Court finds Ornelas-Castro's post-conviction waiver is not enforceable, and she did not procedurally default her Davis claim.   The Court now considers the merits of her § 2255 motion.   As the Government has conceded, Ornelas-Castro's conviction for kidnapping does not satisfy the requirements of § 924(c)(3)(A)'s force clause, United States v. Carreon, 803 F. App'x 790, 791 (5th Cir. 2020), and under Davis, the residual clause of the "crime of violence" definition contained in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally void for vagueness.   Therefore, Ornelas-Castro is entitled to relief.

III.

For the foregoing reasons, the Court GRANTS Ornelas-Castro's motion to vacate, set-aside, or correct sentence and VACATES her conviction for using, carrying, or brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) under count five.   The Court will enter an order in the criminal case setting a schedule for resentencing, and that order will provide deadlines for any additional submissions from U.S. Probation or the parties.

    SO ORDERED.

    Signed December 11th, 2020.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICE JUDGE